Glenn COPE, Appellant,

v.

U.S. FIDELITY AND GUARANTY COMPANY, Appellee.

No. 08–87–00287–CV.

Court of Appeals of Texas, El Paso.

May 4, 1988.

Rehearing Denied June 1, 1988.

---

Thomas S. Morgan, Midland, for appellant.

Rodney W. Satterwhite, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Midland, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a default judgment in the amount of $16,116.00, plus interest and attorney's fees. We affirm.

The Appellant claims the trial court abused its discretion by failing to grant a new trial.

Trial on the merits was set for June 19, 1987. Appellant, acting pro se, requested the court by letter of June 11, 1987, to continue the matter so that he could gather evidence and procure an attorney. Appellant failed to appear on June 19, 1987, and default judgment was pronounced on that date, with a judgment being duly signed on July 20, 1987.

Appellant's motion for new trial was heard on September 28, 1987.

Appellant first complains of the trial court's failure to enter findings of fact and conclusions of law on the hearing for new trial. Appellant filed a timely request as per Tex.R.Civ.P. 296, but failed to bring the judge's omission to file this document to his attention as required by Tex.R.Civ.P. 297. Therefore, he may not now complain of the failure. Where there are no findings of fact and conclusions of law, the trial court judgment must be upheld on any legal theory supported by the record. *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex. 1984).

In order to obtain a new trial after a default judgment, the defaulting party must show that his failure to appear was not intentional or the result of conscious indifference, but was due to mistake or accident; he must set up a meritorious defense; and he must show that his motion is filed at a time when its granting would not occasion a delay or otherwise work an injury to the defendant. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939); *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966); and *Strackbein*, supra.

Appellant contends that he was unaware of the proper judicial procedure as he was acting pro se. He claims he believed his continuance would be granted and therefore, he could not be guilty of any conscious indifference. He theorizes the term "conscious indifference" must be measured by a subjective analysis, and a belief of propriety by the actor would conclusively nullify any conscious indifference. He cites *Guardsman Life Insurance Company v. Andrade*, 745 S.W.2d 404 (Tex. App.—Houston [1st Dist.] 1987, no writ), to support his position. The case states that for an appellant's negligence to rise to the level of conscious indifference, it must be shown that, (1) the appellant was clearly aware of the situation, and (2) acted contrary to what such awareness dictated. *Johnson v. Edmonds*, 712 S.W.2d 651 (Tex. App.—Fort Worth 1986, no writ), defines conscious indifference as failure to take some action which would seem indicated to a person of reasonable sensibilities under the same circumstances.

In this case, the trial court could have reasonably determined that the Appellant did not in good faith believe the trial date would be legitimately continued, but that he intentionally ventured an attempt for whatever tactical gain he could salvage, if any. Generally, where there is factual evidence negating conscious indifference

which is not controverted, it must be taken as true. *Strackbein,* supra. However, there are no outward manifestation of thoughts. A person's state of mind must be inferred from all conduct and accompanying circumstances, and what cannot be specifically proven cannot be specifically controverted.

The trial court could have also reasonably determined that even though the Appellant believed the missed trial date was of no consequence, he arrived at that belief with conscious indifference, i.e. in a careless, unconcerned, flippant or disrespectful manner that resulted in inappropriate action or inaction under the circumstances. This objectively assessed conclusion would be accordant with the *Johnson,* supra, test and we so adopt it.

■ Further, there was no evidence offered as to the granting of a new trial not occasioning a delay. The trial court could have reasonably denied the new trial upon these grounds.

Judgment of the trial court is affirmed.