Marilyn **DREISBACH**, Appellant,

v.

Harriet **REED**, Appellee.

No. 08-89-00039-CV.

Court of Appeals of Texas,
El Paso.

Nov. 15, 1989.

Gerald K. Fugit, Odessa, for appellant.

J. Monty Stevens, Dudley, Dudley and Windle, John A. Grambling, Grambling & Mounce, El Paso, for appellee.

Before FULLER and WOODARD, JJ., and PRESLAR, C.J. (Retired), sitting by assignment.

OPINION

WOODARD, Justice.

This is an appeal from a default judgment in the amount of $25,000.00, plus interest. We affirm.

The Appellant contends the trial court abused its discretion by failing to grant a new trial.

Appellant had filed a negligence suit against the Appellee's husband over a 1985 auto accident. The Appellee and her husband counterclaimed. Attorney for the Appellant obtained a trial setting for October 17, 1988. Settlement was reached prior to the trial date between Appellee's husband and the Appellant, and those actions, together with the action of the Appellant against the Appellee were dismissed. This left the cross-action suit by the Appellee against the Appellant pending. Default judgment was taken on this matter on October 19, 1988.

On November 4, 1988, Motion for New Trial was filed and denied on January 24, 1989.

■ In order to obtain a new trial, after a default judgment, the defaulting party must show that his failure to appear was not intentional or the result of conscious indifference, but was due to mistake or accident; he must set up a meritorious defense; and he must show that his motion is filed at a time when its granting would not occasion a delay or otherwise work an injury to the defendant. *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex.1984); *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966); *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). These standards apply to a post answer default case. *Cliff v. Huggins*, 724 S.W.2d 778 (Tex.1987). The movant has the burden to establish prima facie proof of the allegations in his motion by affidavit or other evidence. *Abercia v. First National Bank of San Antonio*, 500 S.W.2d 573 (Tex.Civ.App.— San Antonio 1973, no writ). There are no findings of fact and conclusions of law filed and therefore, the trial court judgment must be upheld on any legal theory supported by the record. *Strackbein v. Prewitt*.

■ The attorney for the Appellant, Mr. Fugit, verified in the Motion for New Trial that on May 8, 1987, he sent a copy of the counterclaim to the Appellant, along with a letter suggesting she needed to contact her insurance company. The letter further stated that "[o]ut of an abundance of precaution ...," he had sent a general denial to the court in that cause. A general denial, signed by Fugit as the attorney for the Appellant, was filed on May 11, 1987. The motion further reflected that Fugit was notified that the Appellee was moving forward with the case on October 17, 1987, and that default judgment would be taken. Fugit stated, he did not know that she did not have an attorney for her case which was covered by an insurance company.

Appellant testified that she had received a letter prior to the May 8, 1987 letter together with the copy of the counterclaim. The letter was signed by Karen Newell of Fugit's office. The Appellant said she then called Newell and was advised that everything would be settled at trial. The Appellant further stated that she had given the office the names of her insurance companies, and that Newell said that was all she had to do. She stated Newell subsequently asked her if she had taken the matter to the insurance company, and she replied "[w]ell, no. You were doing it." She stated she thought Newell had done it. When she received the letter from Fugit, she did not open it. She thought she would just wait for the trial. She did not read the letter until after she "lost."

■ Attorney Fugit, who represented the Appellant on her Motion for a New Trial and who represents the Appellant on this appeal, filed an appearance of record for the Appellant. There was no withdrawal as counsel of record as set forth in Tex.R.Civ.P. 10. Rule 10 provides that withdrawal of an attorney may be effected, (a) upon motion showing good cause and under such conditions imposed by the Court; or (b) upon presentation by such attorney of a notice of substitution designating the name, address, telephone number and State Bar of Texas identification number of the substitute attorney, with the signature of the attorney to be substituted, and an averment that such substitution has the approval of the client and that the withdrawal is not sought for delay only. Rule 8 provides that the attorney whose

signature first appears on the initial pleadings shall be responsible for the suit as to the party, unless another attorney is specifically designated therein. Fugit apparently intentionally chose not to appear for the Appellant. Conscious indifference can be defined as a failure to take some action which would seem indicated to a person or reasonable sensibilities under the same circumstances. *Johnson v. Edmonds*, 712 S.W.2d 651 (Tex.App.—Fort Worth 1986, no writ). Where a party relies on his agent or representative to file an answer, he must show that failure to answer was not intentional or the result of conscious indifference of either the party or his representative. *Oak Creek Homes, Inc. v. Jones*, 758 S.W.2d 288 (Tex.App.—Waco 1988, no writ); *Cope U.S. Fidelity and Guaranty Company*, 752 S.W.2d 608 (Tex.App.—El Paso 1988, no writ). There is no direct evidence that Fugit was not the attorney for the Appellant at the times in question. The trial court's records that are before us indicate that he was. The trial court could have found that he was the agent for the Appellant and acted intentionally or with conscious indifference in failing to appear or to insure that an insurance attorney was substituted and appeared. The trial court could have further reasonably found that the Appellant's failure to open the letter from Fugit was an act of conscious indifference.

The trial court did not abuse its discretion or misapply the law to the facts. *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex. 1984). The point of error is overruled, and the judgment of the trial court is affirmed.