**Carey E. HALLIGAN, Appellant,**

v.

**FIRST HEIGHTS, F.S.A., a.k.a. First Heights Bank F.S.B., Appellee.**

**No. A14–92–00790–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 18, 1993.

Van M. Farland, Houston, for appellant.

Leymon L. Solomon, Michelle E. Evans, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The appellee sued the appellant as guarantor on a promissory note. The appellant failed to answer the lawsuit. He did, however, file a response to a motion for summary judgment. A trial date was set and the appellant failed to appear at trial. The appellee presented its case to the trial court, and received a judgment against the appellant. The appellant argues the trial court's judgment is void because he never received service of process. He also argues the trial court erred by refusing to grant a new trial after entering the judgment in his absence.

Heights Savings Association sued the appellant as guarantor on a promissory note. After suit was filed, the Federal Home Loan Bank Board ordered the closing of Heights Savings Association and appointed the Federal Savings and Loan Insurance Company (FSLIC) as receiver. First Heights, F.S.A.[1] purchased the assets of Heights Savings Association from the FSLIC, and intervened in the lawsuit.

■ The appellant contends the trial court lacked jurisdiction to render a judgment against him because he never received service of process. The record shows the appellant received service of process on July 1, 1991. The citation stated the defendant was served with the plaintiff's first amended petition. The appellant argues the trial court lacked jurisdiction because he was never served with the petition in intervention. However, the petition in intervention did not assert any new

1. First Heights, F.S.A. later merged with First Heights Bank F.S.B.

claims or seek additional damages. It merely named First Heights, F.S.A. as the real party in interest since it had acquired the assets of the original plaintiff. Additional service was therefore unnecessary. *See Weaver v. Hartford Accident & Indemnity Co.*, 570 S.W.2d 367, 370 (Tex. 1978); *Payne & Keller Company v. Word*, 732 S.W.2d 38, 42 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); *Henry S. Miller v. Hamilton*, 813 S.W.2d 631 (Tex.App.—Houston [1st Dist.] 1991, no writ). The appellant clearly had notice based on service of the amended petition. We do not believe additional service of process was required.

■ Even if the trial court did not have jurisdiction by virtue of service of the amended petition, the appellant entered a voluntarily appearance. The appellant filed an affidavit in response to a motion for summary judgment with the trial court. In the affidavit, he acknowledged the fact that he had been sued by the original plaintiff and the intervening plaintiff. The appellant also stated in the affidavit that he had never seen the guaranty agreement which forms the basis of the lawsuit, and that he never signed the agreement. By filing this affidavit, the appellant voluntarily appeared before the court.

The appellant argues the affidavit did not constitute an appearance because he did not request affirmative relief. He relies on *Investors Diversified Services v. Bruner*, 366 S.W.2d 810 (Tex.Civ.App.—Houston 1963, writ ref'd n.r.e.). In *Bruner*, the defendants filed a letter with the district clerk stating that the person served with process was not their registered agent. Without ruling on the issue, the court noted that for an act to constitute an appearance, the defendant must seek an adjudication or judgment of the court on some issue. *Id.* at 815, *citing, St. Louis & S.F.R. Co. v. Hale*, 109 Tex. 251, 206 S.W. 75 (1918); *Republic Oil & Gas Co. v. Owen*, 210 S.W. 319 (Tex.Civ.App.—Fort Worth 1919, writ ref'd); *Llanez v. Chisos Mining Co.*, 285 S.W. 646 (Tex.Civ.App.—El Paso 1926, no writ).

In the present case, the appellant filed a document entitled "Affidavit of the Defendant in Response to Motion for Summary Judgment of Heights Savings Association and First Heights, F.S.A." Unlike the document filed in the cases cited above, the affidavit contested the merits of the appellee's lawsuit. Even without a prayer for relief, the response clearly requested the court to consider the facts contained therein, and to base its ruling upon those facts. It therefore constituted a general appearance, and brought the appellant within the trial court's jurisdiction.

■ Since we have determined the trial court had jurisdiction, we must consider whether it erred by denying the motion for new trial. To obtain a new trial following a post answer default judgment, a defendant must: prove the failure to answer was not intentional or the result of conscious indifference, but was due to accident or mistake; set up a meritorious defense to the plaintiff's cause of action; and prove that a new trial will not injure the plaintiff or cause delay. *Cliff v. Huggins*, 724 S.W.2d 778 (Tex.1987); *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). The appellant argues he met this burden, and that the trial court abused its discretion by denying the motion for new trial. Since no findings of fact and conclusions of law were requested or filed, the trial court's ruling must be affirmed on any legal theory supported by the evidence. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex.1984).

■ In support of the first element, the appellant stated his mother suffered a heart attack in Ohio on Friday, March 20. He drove to Ohio that evening. He stated that he was preoccupied with his mother's health, and was "unaware" of matters other than his mother's condition. If a movant's factual allegations are uncontested, and negate an intentional or consciously indifferent failure to answer, the movant has met its burden. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984). In this case, the appellee did not contest the appellant's factual allegations. Therefore, the trial court had to consider whether the facts alleged negated an intentional or consciously indifferent failure to appear.

Conscious indifference has been defined as the failure to take some action which would seem indicated to a person of reasonable sensibilities under the circumstances. *Johnson v. Edmonds*, 712 S.W.2d 651, 652–653 (Tex.App.—Fort Worth 1986, no writ); *Dreisbach v. Reed*, 780 S.W.2d 901, 903 (Tex.App.—El Paso 1989, no writ). The record shows the appellant knew the trial was scheduled for Monday, March 23. He learned his mother suffered a heart attack late in the evening on Friday, March 20. He had Saturday, Sunday and Monday to take some action to inform the trial court of the unexpected circumstances. He did nothing. The motion for new trial attributes his failure to appear to his preoccupation with his mother's health. This conclusory allegation did not require the trial court to find the failure to answer was neither intentional nor consciously indifferent. *See Nichols v. TMJ Co.*, 742 S.W.2d 828, 831 (Tex.App.—Dallas 1987, no writ); *Royal Zenith Corporation v. Martinez*, 695 S.W.2d 327, 330–331 (Tex.App.—Waco 1985, no writ); *Motiograph Inc. v. W.D. Matthews*, 555 S.W.2d 196, 197 (Tex.App.—Dallas 1977, writ ref'd n.r.e.). A person of reasonable sensibilities would have taken some action to prevent the entry of a default judgment against him on a $900,-000.00 debt. We find no abuse of discretion and affirm the trial court's judgment.