Justin Lee Burns v. Chris Sammons















 
IN THE
TENTH COURT OF APPEALS
 

No. 10-98-228-CV

     JUSTIN LEE BURNS,
                                                                         Appellant
     v.

     CHRIS SAMMONS,
                                                                         Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 30,907
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Chris Sammons filed suit against Justin Lee Burns for breach of an oral contract involving
goods allegedly worth $500 or more. Burns did not appear for trial, and Sammons obtained a
post-answer default judgment in the amount of $16,200 together with prejudgment and
postjudgment interest, attorney’s fees, and costs of court. Burns filed a motion for new trial
claiming he did not receive notice of trial, which the court overruled after hearing. Burns claims
in two points that the court abused its discretion in overruling his motion for new trial because he
satisfied the Craddock test and because the judgment is void in that he did not have notice of the
trial setting.
BACKGROUND
      Sammons filed suit on July 16, 1997. Burns filed a pro se answer to Sammons’s suit on
September 19. Sammons’s counsel delivered a letter to the court administrator on December 8
requesting that she “schedule the [case] for hearing before the Judge on April 6, 1997, [sic] at
9:00 a.m.” Counsel sent a carbon copy of this request to Burns. On December 16, the court
administrator mailed a notice of hearing to Sammons’s counsel and to Burns. The clerk’s record
indicates that Burns’s notice was returned undelivered.
      The court heard Sammons’s case on April 6, 1998. Burns did not appear for trial. After
hearing testimony from Sammons and his attorney, the court rendered judgment as indicated
above. The court signed the judgment on April 7.
      Counsel appeared on behalf of Burns on April 28 and filed a motion for new trial alleging that
Burns did not receive notice of the trial setting and has a valid defense to Sammons’s suit. The
court set the motion for hearing on June 4. At the hearing, the court heard argument of counsel
but received no testimony. Burns’s counsel stated that Burns received only the December 8 letter
from Sammons’s counsel requesting a trial setting on April 6 and did not remember receiving the
court administrator’s letter. She did not call the court’s attention to the fact that the court
administrator’s letter had been returned undelivered. Counsel also argued that Sammons’s claim
is barred by the statute of frauds because it is based on an oral contract and involves goods valued
at more than $500. See Tex. Bus. & Com. Code Ann. § 2.201(a) (Vernon 1994).
      Sammons’s counsel responded that because both notices were mailed to the same address there
was no reason to believe Burns received one but not the other. The trial court apparently agreed. 
The court found that Burns “did receive proper notice of the hearing” and overruled the motion
for new trial.
APPLICABLE LAW
      Burns asserts in his first point that the court abused its discretion by overruling his motion for
new trial even though he satisfied the Craddock test. See Craddock v. Sunshine Bus Lines, Inc.,
134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939). He contends in his second point that the court
abused its discretion by overruling the motion because the default judgment was void due to a lack
of notice.



      Under Craddock, a default judgment must be set aside and a new trial ordered when:
      •    the defendant’s failure to answer before judgment was not intentional, or the result of
conscious indifference on his part, but was due to a mistake or an accident;
 
      •    the defendant’s motion for new trial sets up a meritorious defense; and
 
      •    the motion is filed at a time when the granting thereof will not occasion a delay or
otherwise work an injury to the plaintiff.

Id.; accord Director, State Employees Workers’ Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex.
1994). Craddock also applies to post-answer default judgments. Cliff v. Huggins, 724 S.W.2d
778, 779 (Tex. 1987). In these cases, the first element is satisfied by a showing that the
defendant’s “failure to appear at trial was not intentional or the result of conscious indifference.” 
Id.
      The taking of a default judgment without notice violates the Due Process Clause of the
Fourteenth Amendment. See Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86, 108 S. Ct. 896,
900, 99 L. Ed. 2d 75 (1988); LBL Oil Co. v. International Power Servs., Inc., 777 S.W.2d 390,
390-91 (Tex. 1989) (per curiam); Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988) (per curiam). 
Thus, some courts have held that when the defendant’s failure to appear is due to a lack of notice,
the second and third elements of Craddock do not apply. See Rabie v. Sonitrol of Houston, Inc.,
982 S.W.2d 194, 197-98 (Tex. App.—Houston [1st Dist.] 1998, no pet.); Mosser v. Plano Three
Venture, 893 S.W.2d 8, 12-13 (Tex. App.—Dallas 1994, no writ); accord Lopez, 757 S.W.2d at
723 (second element only).
      The First and Fifth Courts of Appeals have intimated that Craddock does not apply at all when
lack of notice is shown. See Bradford v. Bradford, 971 S.W.2d 595, 598 (Tex. App.—Dallas
1998, no pet.) (reversed default judgment rendered without notice on due process grounds and did
not reach appellant’s Craddock claim); Green v. McAdams, 857 S.W.2d 816, 819 (Tex.
App.—Houston [1st Dist.] 1993, no writ) (because defendants had no notice, “it would violate due
process to require the Craddock elements as a prerequisite to the granting of a new trial”); see also
LBL Oil Co., 777 S.W.2d at 390-91 (default judgment reversed on writ of error due to lack of
notice).
      For all practical purposes, it makes little difference whether we say that if a defendant proves
lack of notice to satisfy the first element of Craddock then the remaining elements do not apply
or that if the defendant demonstrates that he failed to appear for trial because of lack of notice then
Craddock does not apply at all. However, the Fourteenth Amendment clearly supercedes the
procedural test of Craddock by virtue of the Supremacy Clause and by its own terms. U.S.
Const. art. VI, amend. XIV, § 1. Thus, we conclude that if a defendant challenging a post-answer default judgment demonstrates that he failed to appear for trial because he did not receive
notice of the trial setting, then the judgment was obtained in violation of his due process rights and
he is entitled to a new trial without reference to Craddock. Bradford, 971 S.W.2d at 598; Green,
857 S.W.2d at 819. We will nevertheless refer to the Craddock line of cases to determine whether
an adequate showing has been made.
      In Ivy v. Carrell, the Supreme Court stated that the defendant’s motion for new trial “must
allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff,
and must be supported by affidavits or other evidence proving prima facie” the second element
of Craddock. 407 S.W.2d 212, 214 (Tex. 1966) (emphasis added); accord Estate of Pollack v.
McMurrey, 858 S.W.2d 388, 392 (Tex. 1993). The Court has since extended this proof
requirement to the first element. Strackbein v. Prewitt, 671 S.W.2d 37, 38-39 (Tex. 1984);
accord Evans, 889 S.W.2d at 268. The Fourteenth Court has likewise concluded that a defendant
must either (1) attach affidavits to his motion; or (2) “present evidence at the hearing on his
motion” to satisfy Craddock. Pickell v. Guaranty Nat’l Life Ins. Co., 917 S.W.2d 439, 443 (Tex.
App.—Houston [14th Dist.] 1996, no writ); accord Liberty Mut. Fire Ins. Co. v. Ybarra, 751
S.W.2d 615, 617 (Tex. App.—El Paso 1988, no writ).
      We consider only the evidence presented to the trial court by affidavit or in an evidentiary
hearing.


 See Evans, 889 S.W.2d at 268; Strackbein, 671 S.W.2d at 39; Ward v. Nava, 488
S.W.2d 736, 737 (Tex. 1972). We will not disturb the court’s ruling absent an abuse of
discretion. Evans, 889 S.W.2d at 268; Strackbein, 671 S.W.2d at 38. When the trial court does
not make findings of fact and conclusions of law, “the judgment must be upheld on any legal
theory that finds support in the evidence.” Strackbein, 671 S.W.2d at 38. However, if the
defendant makes the showing required by Craddock, the court abuses its discretion by overruling
the motion for new trial. Evans, 889 S.W.2d at 268.
      Thus, we will review the record to determine whether Burns presented sufficient evidence by
affidavit or at the hearing on his motion for new trial to make a prima facie showing that he did
not receive notice of the trial setting. See Guaranty Bank v. Thompson, 632 S.W.2d 338, 339
(Tex. 1982) (citing Ivy, 407 S.W.2d at 214); Dreisbach v. Reed, 780 S.W.2d 901, 902 (Tex.
App.—El Paso 1989, no writ). If he did, then we will examine whether Sammons offered
controverting evidence sufficient to rebut Burns’s prima facie case. See Evans, 889 S.W.2d at
269; Estate of Pollack, 858 S.W.2d at 391.
APPLICATION
      Burns did not attach affidavits to his motion for new trial. Thus, we must determine whether
he offered sufficient evidence at the hearing on his motion for new trial to make a prima facie
showing of lack of notice. See Guaranty Bank, 632 S.W.2d at 339; Dreisbach, 780 S.W.2d at
902.
      As previously stated, Burns did not testify at the hearing. Rather the court heard argument
of counsel and received a copy of the December 8 letter from Sammons’s counsel requesting a trial
setting.
      We are not unmindful of the fact that the court administrator’s notice to Burns was returned
undelivered. However, Burns never called this fact to the trial court’s attention.


 Because the
issue before us is the propriety of the court’s ruling on the motion for new trial, we can consider
only the evidence submitted to the court in connection with that motion. See Evans, 889 S.W.2d
at 268; Strackbein, 671 S.W.2d at 39; Ward, 488 S.W.2d at 737. Thus, we do not consider other
evidence appearing in the record.
      Burns bore the burden of presenting prima facie evidence of the allegation in his motion for
new trial that he did not receive notice of the trial setting. See Guaranty Bank, 632 S.W.2d at
339; Dreisbach, 780 S.W.2d at 902. He failed to do so. Accordingly, we conclude that the court
did not abuse its discretion in overruling his motion for new trial. Thus, we overrule Burns’s first
and second points.
      We affirm the judgment.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice

Before Chief Justice Davis
            Justice Vance and
            Justice Gray
Affirmed
Opinion delivered and filed December 29, 1999
Do not publish



>Opinion delivered and filed May 12, 1993
Do not publish