# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-04-00065-CV

**Robert Salinas, Appellant**

**v.**

**Texas Department of Protective and Regulatory Services, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. FM2-06982, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Robert Salinas appeals from the trial court's final order terminating his parental rights. In seven issues, Salinas contends that the substituted service of process did not satisfy the requirements of the rules of civil procedure and that the trial court erred in (i) failing to appoint him an attorney ad litem, (ii) not complying with section 107.013 of the family code, (iii) terminating his rights based on sections 160.301, 160.302, and 161.002 of the family code, and (iv) finding that his appeal was frivolous. We affirm the trial court's order of termination.

### Background

In October 2002, appellee the Texas Department of Protective and Regulatory Services took two-year-old A.H. into emergency custody. A.H., her mother Hsing Han, and Salinas were living at the Salvation Army Shelter at the time, and Han was thirty-three weeks pregnant with

R.F.H.[1] R.F.H. was born in December 2002, and the Department took custody of her almost immediately. The Department named Salinas as R.F.H.'s alleged father, stating that his address was unknown.[2] On July 21, 2003, after unsuccessful attempts at service, the Department filed a motion asking that Salinas be served by substituted service. In a supporting affidavit, Katherine Kever, a representative of the Department, stated that she had tried to locate Salinas, interviewing Han and investigating police records and Austin's utility records. Kever learned that Salinas had utility services at an address on Circle S Road, but when service was attempted at that address, the Department was notified that Salinas had moved. On June 9, however, Salinas called the Department to say he was aware that a hearing was approaching on June 20.[3] Kever found that notice of the hearing had been sent to the Circle S address and was signed for by an "R. Arrellano," and as of June 30, utilities at the address were still listed in Salinas's name. Kever therefore believed Salinas could be served by leaving citation at the Circle S address. The trial court authorized substituted service, and Salinas was so served; the return of service shows citation was delivered to Alex Lopez on July 21. In its amended petitions, the Department stated that if Salinas did not file a statement of or counterclaim for paternity, he would lose all parental rights to R.F.H.

---

[1] Salinas is not A.H.'s father and was not married to Han.

[2] According to the Department, Han was married to Luis Requena when R.F.H. was born but said that Salinas was the father. In its second and third amended petitions, the Department named Requena as R.F.H.'s presumed father, *see* Tex. Fam. Code Ann. § 160.102(13) (West 2002), § 160.204(a) (West Supp. 2004), and Salinas as her alleged father.

[3] Salinas said that he would not attend the hearing and wanted nothing to do with Han, R.F.H., or the proceeding. Salinas said that his friends had signed for the notice and told him about the hearing. Salinas also said he was living in Corpus Christi, but refused to provide an address or other "locating information." After the June 20 hearing, Salinas again called the Department, saying that he had attended the hearing but had not been recognized and had not come forward.

A hearing was held on September 22 and 23. Salinas appeared at the hearing in person and requested an attorney. Han relinquished her parental rights to R.F.H., and on October 3, the trial court signed an interlocutory decree of termination, finding that R.F.H. was born while Han was married to Requena and that Requena was R.F.H.'s presumed father and terminating Han's and Requena's parental rights to R.F.H. The trial court took no action with regards to Salinas's parental rights, if any. Also on October 3, the trial court signed an order appointing counsel to represent Salinas. A second order appointing the same attorney as counsel was signed by a different trial judge on October 16.

On November 10, the Department filed a motion to have Salinas dismissed from the suit, stating that he had not filed any timely assertion of paternity. On November 18, Salinas filed his original answer, stating that he was R.F.H.'s father and asserting a counterclaim of paternity. Salinas also filed a response to the Department's motion to dismiss, stating that he had been incarcerated since September 22 and did not live at the Circle S address when service was made and complaining that counsel was not appointed until October 16. On January 7, 2003, the trial court signed a final order, finding Salinas had been properly served and had failed to timely file an acknowledgment or counterclaim of paternity and terminating his parental rights, if any.

### Substituted Service

In his first issue, Salinas contends that the Department's affidavit filed in support of its motion for substituted service did not comply with rule 106(b) of the rules of civil procedure.[4]

---

[4] Rule 106(b) of the rules of civil procedure provides that if an affidavit is filed stating that regular service of citation has been attempted unsuccessfully and stating the defendant's usual place of business or abode or other location where he can probably be found, service may be made by

3

In his second issue, he contends that the substituted service purportedly done under rule 106(b) was in fact "rule 109a service in disguise."[5]

Salinas appeared in court on September 22, 2003, and filed an answer to the Department's suit on November 18, 2003. In his answer, Salinas did not complain of defective or improper service. The filing of an answer or some other appearance generally waives any defect in the service of citation. *Baker v. Monsanto Co.*, 111 S.W.3d 158, 160-61 (Tex. 2003); *CIGNA Ins. Co. v. TPG Store, Inc.*, 894 S.W.2d 431, 434 (Tex. App.—Austin 1995, no writ); *Halligan v. First Heights, F.S.A.*, 850 S.W.2d 801, 803 (Tex. App.—Houston [14th Dist.] 1993, no writ); *see* Tex. R. Civ. P. 120 (defendant may "enter an appearance in open court," which shall be noted by judge and shall "have the same force and effect as if the citation had been duly issued and served as provided by law"). Therefore, any defect in service was waived.

Further, Salinas's attacks on the substituted service in the court below, if they can truly be characterized as such, do not make the same arguments as he makes on appeal. On appeal, he argues that the affidavit was insufficient and that the substituted service was actually "disguised" rule 109a service. Salinas first raised the issue of the substituted service in his response to the Department's motion to dismiss him as a party, stating only that he did not answer the door when

leaving a copy of the citation with anyone over sixteen years of age at the location specified in the affidavit. Tex. R. Civ. P. 106(b)(1).

[5] If citation by publication is authorized under rule 109, a trial court may allow an alternative means of service that it finds will be as likely as citation by publication to give the defendant actual notice of the suit. Tex. R. Civ. P. 109(a).

4

service was performed and did not live at the address at the time. Salinas never attacked the affidavit and did not allege that he did not receive notice or that service was improper. He argued only that there was some uncertainty as to when he received actual notice. *See Cockrell v. Estevez*, 737 S.W.2d 138, 140 (Tex. App.—San Antonio 1987, no writ) ("It is significant that the defendant does not raise an issue of . . . lack of service or of improper service . . . but raises only the claim that the improper spelling of his name voids the citation."). By this variance in arguments before the trial court and on appeal, Salinas presents nothing for our review. See Tex. R. App. P. 33.1(a); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993); *In re M.D.S.*, 1 S.W.3d 190, 202 (Tex. App.—Amarillo 1999, no pet.).

We hold that Salinas has waived any objection to the Department's affidavit or to the rule 106(b) service.[6] We overrule Salinas's first and second issues on appeal.

---

[6] Even if error had been preserved, the affidavit was sufficient to warrant substituted service under rule 106(b). The rules of civil procedure provide several options for serving defendants for whom personal service has been unsuccessful, and rule 106(b) does not limit its provisions for service to a party's place of business or abode. It also allows substituted service to be made at any "other place where the defendant can *probably* be found." Tex. R. Civ. P. 106(b) (emphasis added).

Kever stated that personal service had failed because the Department was told that Salinas had moved from the Circle S address. However, the utilities were still in his name and he received notice of the June 20 hearing, which was sent to the Circle S address. One of the Department's records relates that Salinas said his friend signed for the notice. The Department opted to serve Salinas under rule 106(b), believing that leaving service of process at the Circle S address, with which he apparently kept some kind of contact, would be more effective than service under rules 109 or 109a. Salinas never asserted that he did not receive the substituted service. The Department sufficiently established that the Circle S address was appropriate for rule 106(b) service.

## Appointment of an Attorney

In his third issue, Salinas argues that, because the substituted service was actually rule 109a service, the trial court erred in not appointing him an attorney ad litem. Rule 244 of the rules of civil procedure requires that an attorney be appointed to represent a person who is served by publication (or by other means pursuant to rule 109a) and has not answered or appeared within the prescribed time. Tex. R. Civ. P. 244. Rule 106(b) does not carry the same requirement. Tex. R. Civ. P. 106(b). Salinas was served under rule 106(b), and therefore it was not error to fail to appoint an attorney pursuant to rule 244. We overrule Salinas's third issue on appeal.

In his fourth issue, Salinas contends the trial court did not comply with section 107.013 of the family code. Section 107.013 requires that an attorney ad litem be appointed to represent an indigent parent who responds in opposition of a termination proceeding, a parent served by publication, an alleged father who has not registered his paternity and whose address or location is unknown, or an alleged father who has registered but could not be served at the address he provided. Tex. Fam. Code Ann. § 107.013 (West Supp. 2004). Salinas contends that the trial court should have appointed him an attorney ad litem when he failed to respond by August 18 after being served on July 21.[7]

It is reversible error to utterly fail to appoint an attorney for a parent entitled to counsel under section 107.013. *In re M.J.M.L.*, 31 S.W.3d 347, 354 (Tex. App.—San Antonio 2000,

---

[7] Salinas argues that because the Department stated in its petition that his address was unknown, he should have been appointed an attorney much earlier. Although the Department did state that his address was unknown, the Department's affidavit in support of substituted service recites that he was probably able to be served at the Circle S address, and Salinas's participation in and awareness of various hearings and proceedings bears this out.

pet. denied). However, section 107.013 does not set a deadline for a trial court to appoint counsel, and the timing of the appointment of counsel is a matter left to the trial court's discretion. *Id.*; *see In re J.M.C.*, 109 S.W.3d 591, 598 (Tex. App.—Fort Worth 2003, no pet.); *In re J.R.P.*, 55 S.W.3d 147, 149-50 (Tex. App.—Corpus Christi 2001, pet. denied). Salinas was aware of the legal proceedings regarding R.F.H. since at least June 9, 2003, and he initially communicated to Department caseworkers that he did not want anything to do with the proceedings or the child. Not until the September 22 hearing did he express an interest in contesting the termination of his rights and request an attorney. Therefore, not until September 22 did the trial court have a duty to appoint an attorney. We note that Salinas did not file an affidavit of indigence or any other statement that would give rise to an inference that he was unable to afford an attorney. The trial court, however, found him to be indigent and on October 3 signed an order appointing an attorney to represent him without requiring any such filing.[8] It was not error for the trial court to delay appointment of counsel until October 3. We overrule Salinas's fourth issue on appeal.

### Termination under Section 161.002(b)(1)

Salinas next argues that the trial court erred in terminating his parental rights under section 161.002(b)(1) of the family code. In his fifth issue, he contends that it was error to terminate his rights on grounds that he did not timely file an acknowledgment of paternity under sections 160.301 and 160.302 of the family code. In his sixth issue, he argues that it was error to find that he had failed to timely file a counterclaim for paternity.

---

[8] Salinas contends that an attorney was not appointed until October 16, but a review of the record shows that his attorney was actually appointed on October 3. A second order, signed by another trial judge and appointing the same attorney, was signed on October 16.

7

An alleged father's rights may be terminated if: (i) after being served he does not timely file an admission or counterclaim of paternity, (ii) he has not registered with the paternity registry and, after a diligent search, cannot be located, or (iii) he has registered with the paternity registry but attempts to serve him at the address provided to the registry and at any other known address have been unsuccessful. Tex. Fam. Code Ann. § 161.002(b) (West 2002).

Salinas had notice of the suit no later than June 9, 2003, when he called the Department to say he had received notice of the June 20 hearing. That notice was sent to the Circle S address and signed for by Salinas's friends, and the utilities at the address continued to be listed in his name. The Department therefore continued to send documents to the Circle S address, and its second and third amended petitions clearly advised Salinas of the need to assert his paternity and of his possible right to appointed counsel. In June, Salinas told the Department that he was living in Corpus Christi, but refused to give an address. Until September 2003, Salinas showed no interest in asserting his paternity and in fact told the Department that he wanted nothing to do with R.F.H. or the termination proceedings. Salinas attended at least one hearing without identifying himself before attending the hearing in September. Upon Salinas's request, an attorney was appointed on October 3, but the attorney filed a motion to withdraw on October 29, stating that Salinas was uncooperative. Not until November 18, eight days after the Department filed its motion to dismiss on grounds that Salinas had not filed an assertion of or counterclaim, did Salinas file any kind of assertion of paternity. Indeed, Salinas waited almost a full year after the Department took custody of R.F.H. to assert his paternity. Under these facts, we hold it was not error for the trial court to find

8

that Salinas did not timely file an assertion of paternity or a counterclaim for paternity. We overrule Salinas's fifth and sixth issues on appeal.

**Finding That Appeal Was Frivolous**

In his seventh and final issue, Salinas argues that the trial court erred in finding that his appeal was frivolous pursuant to section 263.405 of the family code.

A party seeking to appeal a termination order must file with the trial court a statement of the points he intends to appeal. Tex. Fam. Code Ann. § 263.405(b) (West 2002). The trial court must determine whether the party's appeal is frivolous, as defined by the civil practice and remedies code. *Id.* § 263.405(d)(3); *see* Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002). If a trial court finds that an appeal is frivolous, the party is not entitled to a free record on appeal. *See In re H.D.H.*, 127 S.W.3d 921, 923 (Tex. App.—Beaumont 2004, no pet.). In considering whether an appeal is frivolous, courts may consider whether the party has presented a substantial question for appellate review. Tex. Civ. Prac. & Rem. Code Ann. §§ 13.001(b), .003(b) (West 2002). An appeal is frivolous if it lacks an arguable basis in law or fact. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). We review a trial court's determination that an appeal is frivolous for an abuse of discretion. *Id.*; *see H.D.H.*, 127 S.W.3d at 923; *In re D.T.*, No. 04-02-00926-CV, 2003 Tex. App. LEXIS 10935, at *5 (San Antonio Aug. 20, 2003, no pet.) (memorandum op.).

After Salinas filed a statement of indigence and notice of appeal, the Department filed a motion contesting the statement of indigence and arguing that the appeal was frivolous. At the hearing on the Department's motion, the Department conceded that Salinas was indigent but

9

continued to argue that his appeal was frivolous. The Department noted that Salinas did not file his counterclaim of paternity until after a hearing on the Department's motion to dismiss him from the termination proceeding. That counterclaim, the Department argued, was untimely, and thus termination of Salinas's rights, if any, was proper and his appeal was frivolous. The trial court stated that it was unable to make an affirmative finding that Salinas's appeal was not frivolous. It is of this statement that Salinas complains, arguing that his claims had an arguable basis in law and fact.

We have considered Salinas's issues on appeal and found them to be without merit. We therefore cannot conclude that the trial court abused its discretion in finding that Salinas's appeal was frivolous. *See In re K.M.*, No. 04-04-00259-CV, 2004 Tex. App. LEXIS 6799, at *2-8 (San Antonio July 28, 2004, no pet. h.) (memorandum op.); *In re F.P.*, No. 04-03-00918-CV, 2004 Tex. App. LEXIS 6460, at *5 (San Antonio July 21, 2004, no pet. h.) (memorandum op.); *D.T.*, 2003 Tex. App. LEXIS 10935, at *11. We overrule Salinas's seventh issue on appeal.

### Conclusion

Having overruled Salinas's appellate issues, we affirm the trial court's final order of termination.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: August 26, 2004

10