Opinion issued June 21, 2007








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00128-CV






WILLIAM FRANCIS HARRIS, SR., Appellant


V.


THYRA BURKS, Appellee






On Appeal from the 247th District Court

Harris County, Texas

Trial Court Cause No. 2005-75900






MEMORANDUM OPINION

 This is an appeal from a default judgment granted in a suit affecting the parent-child relationship (SAPCR). On appeal, appellant, William Francis Harris, Sr.,
contends that the trial court erred in granting a default judgment based on (1) Harris's
failure to answer or (2) failure to appear for trial. Harris also contends that the trial
court erred (3) by granting the default judgment after an improper citation; (4)
granting the default judgment without first ruling on his motion requesting a bench
warrant, and (5) failing to provide him with an appointed attorney. We affirm.

BACKGROUND


 After W.H.'s mother died, his grandmother, Thyra Burks, filed a SAPCR
seeking to be named sole managing conservator of the minor child. On December
16, 2005, Harris, the child's father, was served with both the Original Petition and an
Order Setting Hearing at the Darrington Unit in Rosharon, Texas, where he is
currently serving a 60-year-sentence for murder.

 On December 29, 2006, Harris filed an "Original Answer, Plea to the
Jurisdiction, and General Denial."

 On January 10, 2006, the trial court held the previously noticed hearing. 
Neither Harris nor a legal representative for him appeared at the hearing. On that
same day, the trial court signed "Default Final Orders in Suit to Modify Parent-Child
Relationship," which named Burks as the child's sole managing conservator.

 Thereafter, Harris requested findings of facts and conclusions of law, which the
trial court signed on February 21, 2006. Harris did not file a motion for new trial, but,
on February 10, 2006, he filed a Notice of Appeal, and his appeal was assigned to this
Court.

DEFAULT JUDGMENT

 Before we address Harris's points of error, we must first determine what type
of default judgment was entered by the trial court. Under rule 239 of the Texas Rules
of Civil Procedure, "the plaintiff may . . . take judgment by default against [the]
defendant if he has not previously filed an answer." Tex. R. Civ. P. 239. A trial court
may not enter a "no answer" default judgment against a party that has an answer on
file. Davis v. Jefferies, 764 S.W.2d 559, 560 (Tex. 1989).

 A trial court may also grant a "post-answer" default judgment if a party has
filed an answer, but fails to appear for trial. Sharif v. Par. Tech, Inc., 135 S.W.3d
869, 872 (Tex. App.--Houston [1st Dist.] 2004, no pet.) (explaining difference
between "no answer" and "post-answer" default judgments).

 The record in this case shows that Harris filed an answer with the trial court on
December 29, 2005--almost two weeks before the default judgment was signed. As
such, the default judgment was not a "no answer" default, but was a "post-answer
default." Accordingly, we overrule Harris's first point of error, in which he
complains that the trial court erred in entering a default judgment when he, in fact,
had an answer on file.

 We turn then to Harris's second issue, in which he contends that the trial court
erred by entering a default judgment based on his failure to appear at the January 10,
2006 hearing. We begin by noting that the same prerequisites for setting aside a "no-answer" default also apply to "post-answer" defaults. Cliff v. Huggins, 724 S.W.2d
778, 779 (Tex. 1987). They also apply to SAPCRs. See In re R.H., 75 S.W.3d 126,
130 (Tex. App.--San Antonio 2002, no pet.), overruled on other grounds by, In Re
K. C., 88 S.W.3d 277 (Tex. App.--San Antonio 2002, pet. denied) (holding Craddock
test not applicable after trial on merits). A default judgment should be set aside and
a new trial order in any case in which: (1) the failure of the defendant to answer or
appear was not intentional or the result of conscious indifference on his part, but was
due to mistake or an accident, (2) provided the motion for new trial sets up a
meritorious defense and (3) is filed at a time when the granting thereof will occasion
no delay or otherwise work an injury to the plaintiff. Craddock v. Sunshine Bus
Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939).

 However, complaints regarding a trial court's failure to set aside a default
judgment must be raised in a motion for new trial because the trial court must hear
evidence to determine whether the Craddock factors have been met. See Massey v.
Columbia State Bank, 35 S.W.3d 697, 699 (Tex. App.--Houston [1st Dist.] 2001, pet.
denied). "A point in a motion for new trial is a prerequisite to . . . a complaint on
which evidence must be heard such as . . . [a] failure to set aside a judgment by
default[.]" Tex. R. Civ. P. 324(b)(1).

 Harris did not file a motion for new trial, and the record is otherwise devoid of
evidence to determine whether the Craddock factors have been met. 

 In a post-answer default situation, if a party's reason for not appearing at a trial
setting is lack of notice of the setting, then showing a meritorious defense under
Craddocck is not required. Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex.1988) (citing
Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 108 S. Ct. 896 (1988)). In addition,
if a party did not receive notice of the trial setting, the party is not required to show
that a new trial would not cause delay or injury to the plaintiff. Mahand v. Delaney,
60 S.W.3d 371, 375 (Tex. App.--Houston [1st Dist.] 2001, no pet.) (extending Lopez
principle to third prong of Craddock).

 Harris argues that the Notice of Hearing, with which he was served on
December 16, 2005, did not have a date and time to appear for the hearing. However,
the Notice of Hearing in the record clearly provides that the hearing was to be held
on January 10, 2006. As such, the only evidence in the record on the issue supports
the trial court's finding that Harris had notice of the hearing. (1)

 Because the record shows that Harris had notice of the hearing and does not
show the presence of the Craddock elements--because no motion for new trial was
filed and evidence produced in support thereof--we hold that the trial court did not
err in granting a "post-answer" default judgment based on Harris's failure to appear
at the January 10, 2006 hearing. Accordingly, we overrule point of error two.

IMPROPER CITATION

 Although not designated as a separate point of error, Harris also appears to
complain that the citation he received was improper because it did not have an
endorsement of delivery date, as required by Tex. R. Civ. P. 106. However, the
citation, as it appears in the record, clearly shows that the citation and accompanying
Original Petition, were delivered to Harris on December 16, 2005. Furthermore, the
filing of an answer or some other appearance generally waives any defect in the
service of citation. Baker v. Monsanto Co., 111 S.W.3d 158, 160-61 (Tex. 2003);
CIGNA Ins. Co. v. TPG Store, Inc., 894 S.W.2d 431, 434 (Tex. App.--Austin 1995,
no writ); Halligan v. First Heights, F.S.A., 850 S.W.2d 801, 803 (Tex.
App.--Houston [14th Dist.] 1993, no writ).

 Accordingly, we overrule Harris's issue relating to his complaint about a
defective citation.

BENCH WARRANT

 Although not designated as a separate point of error, Harris also complains that
the trial court granted a default judgment against him without first ruling on his
motion requesting a bench warrant. We begin by noting that nothing in the record
shows that Harris filed a motion requesting a bench warrant. (2)

 However, even if we were to consider the motion for bench warrant that Harris
claims to have filed, we would conclude that the trial court did not abuse its
discretion in not acting on the motion. In the case of In re Z.L.T., 124 S.W.3d 163
(Tex. 2003), Thompson, an inmate appearing pro se, filed a motion for bench warrant
so that he could appear at a trial in which the Attorney General sought to establish the
parent-child relationship between Thompson and three minor children. Id. at 164. 
The trial court did not act on the motion, but proceeded to trial, thus implicitly
overruling Thompson's request. Id. The court held that "since a prisoner has no
absolute right to be present in a civil action, it follows that the prisoner requesting a
bench warrant must justify the need for his presence." Id. at 166. Because
Thompson's motion failed to provide any factual information showing why his
interest in appearing outweighed the impact on the correctional system, he had not
met his burden. Id. at 166. The court further held that the trial court had no
independent duty to "go beyond the bench warrant request and independently inquire
into the necessity of an inmate's appearance." Id. 

 Like the inmate's motion in Thompson, Harris's motion for bench warrant in
this case provides no facts showing why his interest in appearing outweighs the
impact on the correctional system. Harris's motion states only that he wishes to
appear "so that [he] may give testimony." 

 The trial court had no duty to look beyond the facts alleged in Harris's motion
and did not abuse its discretion by implicitly denying his request for a bench warrant.

Accordingly, we overrule Harris's issue relating to his request for a bench warrant.

APPOINTED COUNSEL

 In issue three, Harris contends the trial court erred by "failing to appoint [an]
attorney to represent [him] in the parent-child termination case." We agree that,
under section 107.013 of the Family Code, an indigent parent is entitled to the
appointment of an attorney ad litem to represent the parent's interest in a suit filed by
a governmental entity in which termination of the parent-child relationship is
requested. Tex. Fam. Code Ann. § 107.013 (Vernon Supp. 2006).

 However, this is not such a case. No governmental entity has sought
termination of Harris's parental rights, and, in fact, Harris's parental rights have not
been terminated. Instead, this is a SAPCR brought by W.H.'s grandmother seeking
to be named sole managing conservator of the minor child.

 Because this case does not involve the termination of Harris's parental rights,
he is not entitled to appointed counsel. Accordingly, we overrule issue three.





CONCLUSION

 We affirm the judgment of the trial court.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.

1. 
 
 
 ' -- 
 ' 
 
2. - 
 '