**Rex NICHOLS d/b/a Oil Well and Howard Nichols d/b/a Oil Well, Appellants,**

v.

**TMJ COMPANY, Appellee.**

No. 05–87–00017–CV.

Court of Appeals of Texas, Dallas.

Dec. 15, 1987.

David C. Indorf, Dallas, for appellants.

Michael L. Jones, Dallas, for appellee.

Before ENOCH, C.J., and STEPHENS and STEWART, JJ.

ENOCH, Chief Justice.

Appellants Rex and Howard Nichols (the Nichols) appeal the trial court's denial of their motion for new trial. The trial court entered judgment for appellee TMJ Company (TMJ) after appellants' absence at trial prevented their attorney from presenting evidence in their behalf. The Nichols argue that the trial court abused its discretion in denying their motion for new trial because they met the requirements set forth in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939), and because the trial court's decision denied them their right to participate in the action and to be heard. For the reasons given below, we affirm the decision of the trial court.

TMJ Company sued Rex and Howard Nichols, alleging that they had not fully paid for signs which TMJ prepared for the Nichols' business, Oil Well, pursuant to an oral agreement. By means of verified pleadings, the Nichols answered that they were not liable in the capacity in which they were being sued, and they set forth the affirmative defenses of failure of consideration and accord and satisfaction. When the case was called for trial, however, TMJ appeared through its agent and by counsel, but the Nichols appeared by counsel only. The Nichols' counsel presented an oral motion for continuance based upon their absence and upon the unavailability of certain evidence necessary to their defense. This motion was denied.[1]

The case was tried on the merits, resulting in judgment in favor of TMJ Company for $2,497.50 plus attorneys' fees. The Nichols did not appear during the trial, and the court received no message explaining their absence. Although the Nichols' attorney was able to cross-examine TMJ's witnesses, the Nichols' absence prevented him from presenting any evidence in support of their defenses.

The Nichols filed a timely motion for new trial accompanied by affidavits which they

---

1. The trial court's local rules required that all motions be submitted in writing. Appellants do not complain of the trial court's denial of their motion for continuance.

contend explain the reasons for their failure to appear at trial and support the defenses asserted in their answer. The Nichols contend that the trial court abused its discretion in denying their motion for new trial.

■ Few Texas cases address the criteria for granting a motion for new trial in situations where a defendant fails to appear for trial personally but is represented at trial by counsel. Both the Nichols and TMJ have addressed the propriety of the trial court's action in this case in terms of the standards governing a motion for new trial in instances of a default judgment. The Texas Supreme Court has held that the standards for granting a motion for new trial to set aside a default judgment also apply to a post-answer default judgment where the defendant answers but neither he nor his attorney appear at trial. *Grissom v. Watson*, 704 S.W.2d 325 (Tex.1986); *see also Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966). These same standards have also been applied to a motion for new trial following a judgment granted after appellant and his counsel failed to return promptly after a noon recess and to a motion for new trial following a summary judgment to which the appellant failed to respond due to accident or mistake. *Khatib v. Miloud*, 701 S.W.2d 948, 950 (Tex.Civ. App.—Fort Worth 1986, no writ); *Costello v. Johnson*, 680 S.W.2d 529, 531 (Tex.App. —Dallas 1984, writ ref'd n.r.e.). Therefore, we hold that the standards governing the trial court's decision to grant a motion for new trial in cases of a default judgment also apply when a defendant who was represented at trial seeks a new trial because his absence prevented his attorney from presenting material evidence in his behalf.

*Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939), set forth the principles which trial courts are to follow in determining whether to grant a motion for new trial following a default judgment:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

Although a motion for a new trial is addressed to the trial court's discretion, a trial court abuses its discretion if it denies a motion for new trial when the defaulting defendant has satisfied the requirements set out in *Craddock*. *Stackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex.1984).

Turning to the first of the *Craddock* requirements, the evidence which the Nichols present to demonstrate that their failure to appear was neither intentional nor the result of conscious indifference is set forth in affidavits executed by Rex and Howard Nichols. Rex Nichols' affidavit states the reasons for the Nichols failure to appear as follows:

On the day this case was set for trial, I experienced car trouble and could not get to the courthouse for the trial. My attorney had already told me he was going to try to have the case reset, so I was surprised to learn the trial had been held without me. My failure to appear at trial was not intentional in any way. In fact, I look forward to telling my side of the story.

Howard Nichols' affidavit adds that the car trouble occurred when Rex and Howard Nichols were "on [their] way to court for this trial." Beyond that, however, the Nichols have presented no more specific information regarding the events that prevented them from attending trial.

■ To obtain a motion for new trial, the defaulting defendant has the burden of demonstrating that his failure to appear is neither intentional nor the result of conscious indifference. *Royal Zenith Corporation v. Martinez*, 695 S.W.2d 327, 328 (Tex.App.—Waco 1985, no writ). Where, as here, the defendant's factual allegations are not controverted, it is sufficient if the affidavit sets forth facts which, if true, would negate intentional or consciously indifferent conduct. *Strackbein*, 671 S.W.2d

at 38–39. In determining whether the defendant has met his burden of negating intentional or consciously indifferent conduct, however, a court need not accept unsupported conclusory statements. *See Royal Zenith Corporation*, 695 S.W.2d at 330–31 (trial court need not accept witness's conclusive statements that he did not know what he had done with the petition but he did not act consciously indifferent to it); *Motiograph Inc. v. W.D. Matthews*, 555 S.W.2d 196 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.) (statement that employee "inadvertently misplaced" service of citation fails to set forth sufficiently specific facts).

 Although courts have held that unanticipated transportation problems establish the absence of intentional or consciously indifferent conduct, in these cases the defaulting parties have generally provided a detailed description of the events which kept them from appearing at trial. *See, e.g., Sandstrum v. Magruder*, 510 S.W.2d 388 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.) (motion to reinstate case dismissed for want of prosecution); *Pecos and Northern Texas Railway Co. v. Faulkner*, 118 S.W. 747 (Tex.Civ.App.1909, no writ). In this case, the Nichols' mere allegation of "car trouble," without more, does not set forth sufficiently specific facts to require the trial court to conclude that the Nichols' failure to appear was neither intentional nor the result of conscious indifference. The Nichols' assertions that they thought the trial would be reset and that their failure to appear was not intentional are similarly conclusory. Because the Nichols have not established that their conduct was not intentional or consciously indifferent, we need not determine whether they have satisfied the other requirements set out in *Craddock*.

The Nichols also contend that by proceeding with the trial in their absence, the trial court denied them their right to participate in the defense of this action and their right to be heard. The Nichols' remedy, however, was to file a motion for new trial meeting the *Craddock* standards. They have failed to do so. Specifically, they

have not demonstrated that their failure to appear at trial was not the result of intentional or consciously indifferent conduct. Therefore, we find no merit in their claim that they have been denied an opportunity to be heard. *See Khatib v. Miloud*, 701 S.W.2d 948, 950 (Tex.Civ.App.—Fort Worth 1986, no writ); *Stone Resources, Inc. v. Barnett*, 661 S.W.2d 148, 152 (Tex.Civ.App. —Houston [1st Dist.] 1983, no writ). The judgment of the trial court is AFFIRMED.