Motion for Rehearing Granted; Majority and Dissenting Opinions of
December 15, 2005 Withdrawn; Affirmed; and Majority and Dissenting Opinions on
Rehearing filed July 13, 2006








 

Motion
for Rehearing Granted; Majority and Dissenting Opinions of December 15, 2005
Withdrawn; Affirmed; and Majority and Dissenting Opinions on Rehearing filed
July 13, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00660-CV

____________

 

ANN KEOUGH, Appellant

 

V.

 

CYRUS USA, INC. D/B/A ACE LIMOUSINE
SERVICE 

and HAMID REZA MIRABI, Appellees

 



 

On Appeal from the County
Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 705,133

 



 

M A J O R I T Y    O P I N I O N    O N    R E H E A R I N G

We grant appellees= motion for
rehearing, withdraw the majority and dissenting opinions issued on December 15,
2005, and issue the following majority and dissenting opinions on rehearing.








In this appeal, we determine whether the trial court abused
its discretion by denying appellant Ann Keough=s motion to
reinstate her lawsuit.  Because Keough offered no evidence: (1) she was unaware
of her attorney=s disbarment or of the trial setting,
(2) supporting her explanation for her failure to attend trial or to
obtain other counsel, and (3) she diligently prosecuted her case, we affirm. 

I.  Factual and Procedural
History

Keough filed this suit on September 2, 1998 against
appellees Cyrus U.S.A., Inc. d/b/a Ace Limousine Service and Hamid Reza Mirabi
(collectively, ACyrus@).  Over the
course of five-and-one-half years, the case was dismissed for want of
prosecution, reinstated, continued five times, and repeatedly reset for trial. 


On February 3, 2004, Keough and her counsel failed to
appear for trial, and Cyrus moved to dismiss the case.  On February 9, 2004,
the trial court ordered the case dismissed with prejudice.  In its order of
dismissal, the trial court noted that both Keough and her counsel failed to
appear at trial; that proper notice was sent to counsel of record advising
counsel of the trial setting; and that the case had been set for trial seven
times in the preceding twenty-one months.  In response to the dismissal, Keough
filed a verified motion to reinstate alleging:

This case was dismissed by an order signed on the 9th of February,
2004, for want of prosecution due to the inability of the counsel of record to
appear before this court and prosecute this action.  This failure was not
intentional or the result of conscious indifference but unavoidable, in that counsel
of record, Zerrie L. Hines, was and remains under disciplinary proceedings
before the Board of Disciplinary Appeals, and therefore, unable to engage in
the practice of law pending the favorable outcome of his appeal.

No
evidence accompanied Keough=s motion; however, Cyrus responded with
evidence that Keough=s attorney had been disbarred on December
22, 2003.  The trial court denied Keough=s motion to
reinstate without stating its reasons, and this appeal ensued.








II.  Issue Presented

The sole issue presented for review is whether the trial
court abused its discretion by denying Keough=s motion to
reinstate.  At the outset, we note that the trial court may have dismissed the
case because Keough and her counsel failed to appear at trial.   See Tex. R. Civ. P. 165a.  Alternatively,
it may have dismissed the case pursuant to its inherent authority to dismiss
cases for want of prosecution.   See Villareal v. San Antonio Truck &
Equip., 994 S.W.2d 628, 630 (Tex. 1999).  We therefore discuss both
grounds.  Because the dissent would reverse based in part on its assumption
that the trial court failed to notify Keough of its intent to dismiss the case,
we also address that subject.

III.  Standard of Review








We review a trial court=s denial of a
motion to reinstate for abuse of discretion.  Polk v. Sw. Crossing
Homeowners Ass=n, 165 S.W.3d 89, 96 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied).  A trial court abuses its discretion when it acts in
an arbitrary and unreasonable manner, or when it acts without reference to any
guiding principles.  Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226
(Tex. 1991).  If an order dismissing a case does not state the grounds on which
it was granted, the party seeking reinstatement must negate all possible
grounds for dismissal.  See Shook v. Gilmore & Tatge Mfg. Co., Inc.,
951 S.W.2d 294, 296 (Tex. App.CWaco 1997, pet. denied); see also Polk,
165 S.W.3d at 96B97 (affirming denial of reinstatement when
the plaintiff produced evidence her trial counsel was absent from trial due to
illness, but failed to produce evidence the case had been diligently
prosecuted).  The movant for reinstatement bears the burden to produce evidence
supporting the motion.  See Calaway v. Gardner, 525 S.W.2d 262,
264 (Tex. App.CHouston [14th Dist.] 1975, no writ) (AThe failure of the
plaintiff to offer proof of his grounds for reinstatement justified the court=s denial of his
motion . . . .@); see also HRN, Inc. v. Shell Oil Co.,
102 S.W.3d 205, 217 (Tex. App.CHouston [14th Dist.] 2003), rev=d on other grounds, 144 S.W.3d 429
(Tex. 2004) (affirming denial of reinstatement when movant alleged compliance
with discovery orders but produced no evidence of compliance). 

IV.  Discussion

A.      Failure to
Appear at Trial

Keough asserts she was unaware her attorney had been
disbarred or trial had been set, and argues she was unable to secure other
counsel before trial.  She did not produce evidence supporting these
contentions to the trial court.  In the absence of evidence, a trial court does
not abuse its discretion by denying a motion to reinstate.  See Smith v.
Babcock & Wilcox Constr. Co., Inc., 913 S.W.2d 467, 468 (Tex. 1995) (AProof of such
justificationCaccident, mistake or other reasonable explanationCnegates the intent
or conscious indifference for which reinstatement can be denied.@).[1]

B.      Want of
Prosecution

Keough contends the trial court dismissed her case and
denied reinstatement based on her counsel=s failure to
appear at trial.  As a result, Keough does not address alternative grounds for
these orders.  Thus, even if we agreed with the dissent that Keough offered a
reasonable explanation for her attorney=s failure to
appear at trial, this omission would still lead us to conclude the trial court
did not abuse its discretion by denying reinstatement.








In dismissing the case and denying reinstatement, the trial
court expressly considered factors other than the failure of Keough and her
counsel to appear at trial.  In its order dismissing the case, the trial court
emphasized the case had been set for trial seven times in approximately
twenty-one months.  The trial court also states in its order that it reviewed
the pleadings and docket entries in the matter.  The record shows the case had
been on file since 1998; it already had been reinstated after a prior dismissal
for want of prosecution; and previous trial settings had been continued at
Keough=s request on more
than one occasion.  These factors pertain to diligent prosecution, and the
trial court need not have considered them if it dismissed the case solely
because Keough and her counsel did not appear at trial.  See Bilnoski
v. Pizza Inn, Inc., 858 S.W.2d 55, 58 (Tex. App.CHouston [14th
Dist.] 1993, no writ) (when deciding whether to dismiss a case for want of
prosecution, the court may consider the amount of activity in the case, the
length of time the case was on file, requests for a trial date, and the
existence of reasonable excuses for delay).  Because the trial court may have
dismissed the case for want of prosecution, Keough was required to address this
basis for dismissal in her motion to reinstate and on appeal.

Given the history of the case and Keough=s failure to
produce evidence supporting her motion to reinstate, we hold the trial court
did not abuse its discretion by denying reinstatement.  Even if we agreed with
the dissent that Keough=s verified motion to reinstate offers a
reasonable explanation for her prior counsel=s absence from
trial, the motion does not explain her own absence, her failure to secure other
counsel, or her failure to request a continuance.  Though Keough=s successor
counsel asserted Keough had no knowledge of the trial setting or the disciplinary
proceedings, Keough offered no evidence supporting these contentions. 
Moreover, these arguments only pertain to failure to appear and prosecute the
case on the date of trial, and do not address Keough=s failure to diligently
prosecute her case at any other time.








C.      Notice of Intent to Dismiss

 

The rules of civil procedure and due process require trial
courts to provide litigants with notice and an opportunity to be heard before
the court dismisses the case.  Tex. R.
Civ. P. 165a; Polk, 165 S.W.3d at 94.  Although Keough does not
claim the trial court failed to notify her or trial counsel of its intent to
dismiss her case, the dissent assumes such a failure occurred, and would
reverse based in part on this assumption.[2]









Because the record is silent as to whether the trial court
notified Keough or her counsel of its intent to dismiss, no error is apparent
on the face of the record.  See Alexander v. Lynda=s Boutique, 134 S.W.3d 845,
849B50 (Tex. 2004) (A[M]ere silence as
to whether notice [of intent to dismiss] was sent does not establish that
notice was not sent . . . .@).  Moreover, if no notice was sent,
Keough=s failure to raise
the issue in the trial court and to brief it on appeal waives the error.  See
Tex. R. App. P. 33.1,
38.1(h).  Even assuming for the sake of argument that no notice was sent and
that we properly may raise the issue sua sponte, a trial court does not abuse
its discretion by denying a motion to reinstate if the movant (a) receives
notice of the actual order of dismissal in time to file a motion to reinstate,
and (b) has an opportunity to be heard on the motion.  See, e.g., Polk,
165 S.W.3d at 94B95; Jimenez v. Transwestern Prop. Co.,
999 S.W.2d 125, 128 (Tex. App.CHouston [14th Dist.] 1999, no pet.); see
also Wright v. Tex. Dept. of Criminal JusticeBInstitutional Div., 137 S.W.3d 693,
695 (Tex. App.CHouston [1st Dist.] 2004, no pet.); Tex. Sting,
Ltd. v. R.B. Foods, Inc., 82 S.W.3d 644, 648B50 (Tex. App.CSan Antonio 2002,
pet. denied); Franklin v. Sherman Indep. Sch. Dist., 53 S.W.3d 398, 400B04 (Tex. App.CDallas 2001, pet.
denied).  Keough received actual notice of the order of dismissal and timely
filed a motion to reinstate.  There is no indication she did not have an
opportunity to be heard.[3] 
Thus, if the trial court failed to notify Keough of its intent to dismiss her
case, the error was cured.   

V.  Conclusion

Because the trial court could properly dismiss Keough=s case pursuant to
Rule 165a or its inherent authority to dismiss cases for want of prosecution,
and because Keough failed to produce evidence in support of her motion to
reinstate negating both of these grounds for dismissal, the trial court did not
abuse its discretion by denying her motion for reinstatement.  The judgment of
the court below is affirmed.                                  

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

Judgment rendered
and Majority and Dissenting Opinions on Rehearing filed July 13, 2006.

Panel consists of
Justices Edelman, Seymore, and Guzman.  (Edelman, J., dissenting).









[1]  The dissent cites Smith for the proposition
that justification requiring reinstatement does not require a reasonable
justification for making the mistake, but only a justification consisting
of a mistake. While Smith excuses an attorney=s failure to appear at trial when that failure is
based on a mistake, even if the mistake is not reasonable, this proposition
does not apply to the present case.  In her motion to reinstate, Keough did not
allege an accident or mistake caused her or her attorney to be absent from
trial.  See Tex. R. Civ. P. 165a(3)
(the trial court must reinstate a case dismissed for failure to appear if it
finds the failure Awas not intentional or the result of conscious
indifference but was due to an accident or mistake or that the failure has been
otherwise reasonably explained.@).  Moreover, Smith
requires proof of accident or mistake, and Keough produced no such
evidence.  See also Nichols v. TMJ Co., 742 S.W.2d 828, 831 (Tex. App.CDallas 1987, no writ) (AIn determining whether [a party] has met his burden of negating
intentional or consciously indifferent conduct, however, a court need not
accept unsupported conclusory statements.@).





[2]  On appeal, Keough contends the trial court=s notice to her prior counsel of the February 3, 2004
trial setting does not constitute notice to her because the attorney-client
relationship was terminated as a matter of law when her counsel was disbarred. 
Because this argument was not presented to the trial court, it does not
constitute grounds for reversal on appeal.  See Tex. R. App. P. 33.1.  Moreover, Keough=s trial counsel sought and obtained the February, 2003
trial setting more than two months before he was disbarred; thus, his knowledge
of the trial setting is imputed to Keough.  See McMahan v. Greenwood,
108 S.W.3d 467, 480B81 (Tex. App.CHouston
[14th Dist.] 2003, pet. denied) (knowledge acquired by an attorney during the
existence of an attorney‑client relationship, and while acting in the
scope of his or her authority, is imputed to the client).





[3]  The record does not show Keough requested a
hearing.  Before trial court error can be found in the failure to set a hearing
on a motion to reinstate, the movant must request a hearing.  Cabrera v.
Cedarapids, Inc., 834 S.W.2d 615, 618 (Tex. App.CHouston [14th Dist.] 1992, writ denied).