

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-20-00194-CV
_____

IN THE INTEREST OF J.F. II, A CHILD

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2017-527,563; Honorable Ed Self, Presiding by Assignment

January 21, 2021

MEMORANDUM OPINION

Before PIRTLE, PARKER, and DOSS, JJ.

Following this court's reversal of the trial court's *Order of Termination* and remand of the cause for a new trial,[1] the trial court again terminated B.T.'s parental rights to her son, J.F. II.[2] By a sole issue, she contends the trial court abused its discretion in denying her motion for new trial because allegations of her medical issues were uncontroverted

---

[1] *See In re J.F.*, 589 S.W.3d 325 (Tex. App.—Amarillo 2019, no pet.).

[2] To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2020). *See also* TEX. R. APP. P. 9.8(b).

by Appellee, the Texas Department of Family and Protective Services. Notwithstanding those medical issues, we affirm.

### BACKGROUND

J.F. II was born in October 2017, and he tested positive for amphetamines. The Department was notified of the test results and two days later, filed its petition for J.F. II's protection, as well as for conservatorship and for termination of B.T.'s parental rights.

B.T. has a history of methamphetamine use. She suffers from multiple medical ailments and takes numerous medications. She has been diagnosed with bipolar disorder, anxiety, asthma, migraines, seizures, and polycystic ovarian syndrome (insulin resistance) and has a pituitary tumor. She suffers from seizures and takes numerous medications to treat her medical issues.

During the first trial, the Department presented evidence that resulted in termination of B.T.'s parental rights for (1) knowingly placing or allowing her child to remain in conditions or surroundings that endangered the child's physical or emotional well-being, (2) engaging in conduct or knowingly placing her child with persons who engaged in conduct that endangered his physical or emotional well-being, and (3) failing to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of her child. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), and (O) (West Supp. 2020). The trial court also found that termination of B.T.'s parental rights to her child was in his best interest. § 161.001(b)(2).

She appealed to this court alleging a violation of her due process rights in the trial court's failure to provide her with court-appointed counsel. Agreeing with B.T., this court

2

reversed the trial court's *Order of Termination* by opinion and judgment dated November 6, 2019.

The new trial on remand was scheduled for July 13, 2020, at 9:00 a.m.[3]  Without B.T.'s presence, the trial court called the case at 9:37 a.m.  B.T.'s counsel moved for a continuance which the trial court denied, and the Department presented testimony from two caseworkers.  They testified regarding the Department's concern over B.T.'s history of methamphetamine use and numerous arrests.  They also expressed apprehension that B.T.'s child had been in the Department's care since his birth in October 2017, and has had four different placements.  According to the Department's witnesses, B.T. had made no effort to visit her child in the past year and a half and his current placement was willing to adopt him.

Two hours after the hearing began, B.T. finally appeared; however, after a recess during which the parties attempted to reach a settlement, B.T. left the proceedings without alerting anyone and did not return.  After the presentation of evidence concluded and the parties rested, counsel announced that he received a message from B.T. explaining she had not returned due to a medical emergency.  Counsel again moved for a continuance, followed by a written motion, which the trial court denied.

Following the bench trial, the trial court issued its order finding clear and convincing evidence sufficient to support termination of B.T.'s parental rights on the same grounds

---

[3] B.T. insisted on an in-person hearing instead of a virtual hearing.  The trial court granted her request and yet she was absent for most of the final hearing.

as before under section 161.001(b)(1)(D), (E), and (O).[4]  The trial court also found that termination of B.T.'s parental rights to her child was once again in his best interest.  § 161.001(b)(2).

B.T. filed a motion for new trial alleging that a continuance should have been granted to permit her to testify when she was unavailable for most of the trial due to medical issues.  The denial, she argued, was an error that was reasonably calculated to cause and probably did cause the rendition of an improper judgment.  TEX. R. APP. P. 44.1(a)(1).  She also alleged that she had a meritorious defense to the Department's allegations.

The hearing on B.T.'s motion for new trial was held via Zoom.  After the Department announced it was ready to proceed, counsel for B.T. noted that she was again not present.  He stated he had forwarded the link to the hearing to three of B.T.'s email addresses and had also attempted to contact her through previously known phone numbers and her physical address, all to no avail.

At a hearing on the motion for new trial, counsel reminded the trial court that B.T. had an emergency medical issue that kept her from participating at the final hearing and urged the court to consider granting a new trial.  Without B.T. being present, however, counsel announced there was no evidence to present to challenge the grounds for termination or to verify B.T.'s alleged medical emergency during the final hearing.  The

---

[4] We note that in its oral pronouncement, the trial court included section 161.001(b)(1)(N) as an additional ground to support termination.  However, the written order includes only subsections (D), (E), and (O) and when there is an inconsistency between a written judgment and an oral pronouncement, the written judgment controls.  *In re L.G.R.*, 498 S.W.3d 195, 206 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

attorney ad litem expressed opposition to granting the motion for new trial based on B.T.'s absence and her failure to maintain contact with her counsel. The trial court signed an order denying B.T.'s motion for new trial on a finding that there was no good cause and that a new trial was not in the child's best interest.

**APPLICABLE LAW**

The Texas Family Code permits a court to terminate the relationship between a parent and a child if the Department establishes one or more acts or omissions enumerated under section 161.001(b)(1) of the Code and that termination of that relationship is in the best interest of the child. *See* § 161.001(b)(1), (2); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). The burden of proof is by clear and convincing evidence. § 161.206(a) (West Supp. 2020). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2019).

**STANDARD OF REVIEW—TERMINATION OF PARENTAL RIGHTS**

The natural right existing between parents and their children is of constitutional magnitude. *See Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly construed in favor of the parent. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002). The Due Process Clause of the United States Constitution and section 161.001 of the Texas Family Code require

5

application of the heightened standard of clear and convincing evidence in cases involving involuntary termination of parental rights. *See In re E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002).

### ANALYSIS

B.T. does not challenge any of the grounds supporting termination nor the trial court's best interest finding. Instead, by her sole issue, she maintains the trial court abused its discretion in denying her motion for new trial because allegations of her medical issues were uncontroverted by the Department. We disagree with her position that the trial court abused its discretion.

Both B.T. and the Department present their arguments under the standard for reviewing a default judgment set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). The Texas Supreme Court has applied the *Craddock* test to a default judgment in a parental termination case in which the parent had no representation and did not file an answer or make an appearance. *See In re R.R.*, 209 S.W.3d 112, 114-15 (Tex. 2006). *See also In re M.A.A.*, No. 07-08-00125-CV, 2008 Tex. App. LEXIS 8524, at *6 (Tex. App.—Amarillo Nov. 6, 2008, no pet.) (mem. op.).

B.T. and the Department characterize the trial court's *Order of Termination* as a post-answer default judgment. We disagree with that characterization and with their analyses under *Craddock*. A post-answer default judgment occurs when a defendant files an answer but neither the defendant nor the defendant's attorney appears for trial. *LeBlanc v. LeBlanc*, 778 S.W.2d 865, 865 (Tex. 1989). B.T. was represented by counsel at the final hearing and she made a very tardy appearance before completely abandoning

6

the hearing. The trial court's *Order of Termination* recites that "Respondent Mother [B.T.] appeared in person for part of the day and through attorney of record . . . who announced ready." The trial court's order cannot be mischaracterized as a default judgment and we decline to apply the *Craddock* test. *But see In re R.H.*, 75 S.W.3d 126, 130 (Tex. App.— San Antonio 2002, no pet.) (citing *Nichols v. TMJ Co.*, 742 S.W.2d 828, 830 (Tex. App.— Dallas 1987, no writ) (holding the *Craddock* test applies when a defendant who was represented at trial seeks a new trial because his absence prevented his attorney from presenting material evidence in his behalf)). *Cf. In re R.H.*, 75 S.W.3d at 132 (Marion, J. dissenting) (deciding there was no post-answer default judgment because the appellant's counsel appeared and participated at trial).

Instead, we review the trial court's denial of B.T.'s motion for new trial for abuse of discretion. *B.D. v. Tex. Dep't of Family & Protective Servs.*, No. 03-20-00118-CV, 2020 Tex. App. LEXIS 6980, at *44 (Tex. App.—Austin Aug. 28, 2020, pet. denied) (mem. op.) (citing *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010)). "A trial court abuses its discretion if it acts in an arbitrary and unreasonable manner without reference to any guiding rules or principles." *In re K.J.B.*, No. 14-19-00473-CV, 2019 Tex. App. LEXIS 9678, at *30 (Tex. App.—Houston [14th Dist.] Nov. 5, 2019, pet. denied) (mem. op.) (citing *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003)).

By her motion for new trial, B.T. contended she had medical issues, specifically seizures, that prevented her from being present at the final hearing. She also alleged that she had a meritorious defense to the Department's allegations. However, her motion is not accompanied by any affidavits and no evidence was presented at the hearing to verify her claims.

7

B.T.'s contentions on appeal are that she had no notice of the setting on the final hearing and that her medical issues, which were well known to the Department, were good cause for explaining her absence at the final hearing. We disagree.

The record from the final hearing shows the following:

- the final hearing was set for July 13, 2020, at 9:00 a.m. and as of 9:37 a.m., B.T. had neither appeared, nor provided an explanation for her absence, and the hearing commenced;

- counsel advised the court that B.T. was aware of the setting and he *assumed* she had an emergency or transportation issues;

- counsel moved for a continuance, orally and in writing, which was denied;

- counsel for the Department advised the trial court that due to this court's mandate in our prior opinion, the hearing could not be reset and B.T. had failed to appear on other occasions;

- B.T. appeared at approximately 11:25 a.m. after a short recess and conferred with counsel; and

- the trial court recessed for lunch until 1:15 p.m. and when the hearing resumed, the record reflects that B.T. "did not appear."

The record from the hearing on the motion for new trial is brief. Despite being burdened with establishing good cause, B.T. did not present any evidence or testimony to support her contention that a medical emergency prevented her from attending the final hearing. During arguments on the motion for new trial, the trial court recalled that B.T. was never present in the courtroom for the final hearing. She conferred with her counsel during a recess and then left the courthouse for a "smoking break" and never returned. Both parties confirmed the trial court's recollection as being accurate.

B.T. contends the record does not conclusively show she had notice of the setting for the final hearing. However, her counsel informed the court he had spoken with B.T. several times that week and "she is aware of this day." Counsel's knowledge of the trial setting is imputed to his client. *See In re D.W.*, 353 S.W.3d 188, 192 (Tex. App.— Texarkana 2011, pet. denied).

Based on the record before us, we hold the trial court did not abuse its discretion in denying B.T.'s motion for new trial. B.T.'s sole issue is overruled.

## CONCLUSION

The trial court's *Order of Termination* is affirmed.

Patrick A. Pirtle
Justice
