**Affirmed and Opinion Filed September 5, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00061-CV

### LAUREN NOVAK AND JUSTIN BEISH, Appellants
### V.
### STATE FARM LLOYDS, Appellee

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-06291-2020**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Miskel
Opinion by Justice Molberg

Lauren Novak and Justin Beish bring this restricted appeal of the trial court's

August 30, 2021, order dismissing their case for want of prosecution and January 6,

2022, denial of their motion to reinstate.[1]  We affirm.

---

[1] Appellants' original notice of appeal challenged the denial of their motion to reinstate, which is not independently appealable.  *See Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).  The notice was untimely as to the original dismissal but was filed within six months of that date, so a restricted appeal was possible.  At our direction, they filed an amended and rule-compliant notice of restricted appeal of the original dismissal order.  *See* TEX. R. APP. P. 30 (restricted appeals).

To sustain a restricted appeal, appellants must show that (1) the notice of restricted appeal was filed within six months after the judgment was signed; (2) they were parties to the underlying lawsuit; (3) they did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam). The first three requirements are jurisdictional; the fourth is merits-based, and therefore, is not jurisdictional. *See Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020).

Though appellants attempted to invoke the civil procedure rule 306a(4) and (5) procedure to have the trial court determine the date they received notice of the dismissal as October 11, 2021, such that their motion to reinstate was timely and properly invoked the court's jurisdiction, they did not request the trial court to issue a ruling to that effect, and the trial court did not do so in any order. "Without a finding of the date notice was actually received," and a written order to that effect, the motion to reinstate was untimely. *See Nedd-Johnson v. Wells Fargo Bank, N.A.*, 338 S.W.3d 612, 612 (Tex. App.—Dallas 2010, no pet.); TEX. R. APP. P. 4.2(c). Thus, the face of the record of this restricted appeal indicates that the motion to reinstate was untimely, and we disagree with appellants' argument to the contrary, which would deprive this Court of restricted appeal jurisdiction. *See Pike-Grant*, 447 S.W.3d at 886. And, because the motion to reinstate was untimely, the trial

court could not grant it because the court had lost plenary power. *See* TEX. R. CIV. P. 165a(3), 306a(4)–(5); *see also In re Dansby*, 583 S.W.3d 838, 840 (Tex. App.—Dallas 2019, orig. proceeding). In any event, we have restricted appeal jurisdiction because appellants timely filed a notice of appeal and meet the jurisdictional requirements. *See* TEX. R. APP. P. 30.

We review a dismissal for want of prosecution for an abuse of discretion, *see MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997), and because this is a restricted appeal, we are confined to the face of the record in our review. *See Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991). This means we review "the papers on file with the trial court when it rendered judgment." *See id*.

Appellants filed their original petition on December 1, 2020, and appellee answered December 31, 2020. The next document in the clerk's record is a notice of hearing for August 27, 2021, at 10:00 a.m. in the 471st District Court for "Dismissal for Want of Prosecution" that says "THIS HEARING IS BY SUBMISSION ONLY. DO NOT APPEAR FOR THE ABOVE SETTING. Instead, follow the below instructions."[2] Those instructions were that the case would be dismissed for want of prosecution unless, at least 24 hours before the submission setting, the parties submit:

---

[2] The index in the clerk's record indicates a date of January 10, 2021" for this document in the "FILED/SIGNED" column.

(a) A nonsuit or a dispositive order signed by all parties; or

(b) An agreed scheduling order, which must include a confirmed trial setting obtained from the Court Coordinator; or

(c) If the parties cannot agree on a trial setting, a joint report identifying the trial dates provided by the Court Coordinator and each party's objections to, or conflicts with, the same.

This notice is sufficient.

Appellants devote no direct argument against the original dismissal order, and have inadequately briefed this issue. *See* TEX. R. APP. P. 38.1(i). The issue would fail in any event because the record contains the dismissal notice and, though the record is silent as to whether notice was provided, the absence from the record of affirmative proof that the notice of intent to dismiss was provided establishes no error apparent on the face of the record. *See Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex. 2009) (rules require clerk to provide notice of dismissal hearing but no "affirmative duty to record the mailing of the required notices"); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 849 (Tex. 2004).

The order dismissing the case for want of prosecution recited the parties' failure to submit anything referred to in (a) through (c) in the letter above and stated: "given that no other motions were set for hearing prior to the dismissal setting, the Court finds that the above-numbered and styled case should be dismissed for want of prosecution." The order did not specify whether it was dismissing under rule 165a or the court's inherent authority, requiring appellants to negate all possible grounds

–4–

for dismissal. *See Villareal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 3 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (op. on reh'g). They have not done so, and the record does not indicate that appellants took any action to prosecute the case in the nearly nine months after filing, despite the trial court's explicit directions in the dismissal hearing notice. On this basis, we conclude the face of the record provides justification for the trial court's decision to dismiss this case for want of prosecution. *See Alexander*, 134 S.W.3d at 852.

Appellants' arguments for reinstatement would fail as well. Based on civil procedure rule 165a(1), they claim that they "intended to appear at the dismissal hearing but missed the dismissal hearing due to a calendaring mistake." This argument has gotten no stronger for its verbatim repetition on appeal.

Appellants argued below that "calendaring mistakes made unintentionally and without conscious indifference are always sufficient grounds to meet" their "accident or mistake" burden. *See* TEX. R. APP. P. 165a(3). At the hearing on the motion to reinstate, counsel stated that "[w]e received no notice from the Court of any intent to have this case dismissed" but in the next sentence admitted "counsel could not appear for the schedule because we had a calendaring issue." Counsel covering the hearing was later "not sure what evidence" they would provide to show the calendaring mistake, and never went beyond the conclusory statement that there had been a good faith calendaring mistake that prevented appearance at, or

performance in advance of, the dismissal hearing.  This is insufficient.  *See Brown v. Sanders*, No. 02-21-00212-CV, 2022 WL 2071782, at *4 (Tex. App.—Fort Worth June 9, 2022, no pet.) (mem. op.) (similar lack of evidence of "counsel's practices relating to calendaring or scheduling"); *see also Nichols v. TMJ Co.*, 742 S.W.2d 828, 831 (Tex. App.—Dallas 1987, no pet.) (court need not accept unsupported conclusory statements).  Further, counsel's affidavit verifying the motion to reinstate gave no detail and stated only, as relevant, that "[t]he facts stated in the above motion are within my personal knowledge and are true and correct."  *See Henderson v. Blalock*, 465 S.W.3d 318, 323 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *cf. Rava Square Homeowners Ass'n v. Swan*, No. 14-07-00521-CV, 2008 WL 4390437, at *2–3 (Tex. App.—Houston [14th Dist.] Sept. 30, 2008, no pet.) (mem. op.) (explanatory details in affidavit provided basis for relief from dismissal).

We affirm the judgment of the trial court.

/Ken Molberg/
KEN MOLBERG
JUSTICE

220061f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAUREN NOVAK AND JUSTIN
BEISH, Appellants

No. 05-22-00061-CV        V.

STATE FARM LLOYDS, Appellee

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 471-06291-
2020.
Opinion delivered by Justice
Molberg. Justices Pedersen, III and
Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee STATE FARM LLOYDS recover its costs of this appeal from appellants LAUREN NOVAK AND JUSTIN BEISH.

Judgment entered this 5th day of September 2023.